UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL - 9 2019
ARTHUR JOHNSTON
BY ________ DEPUTY

IN THE MATTER OF SEIZURE OF
MERCHANTS AND MARINE BANK
ACCOUNTS X9958 AND X1525
_______________________________/

1:19mc371 LG-JCG

**ALVIX LABORATORIES, LLC'S MOTION TO RETURN PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g) AND INCORPORATED MEMORANDUM OF LAW**

Non-Party, Alvix Laboratories, LLC ("**Alvix**"), through undersigned counsel, and pursuant to Fed. R. Crim. P. 41(g), hereby files its Motion to Return Property Pursuant to Fed. R. Crim. P. 41(g) and Incorporated Memorandum of Law against the United States of America (the "**Government**").

## I. INTRODUCTION

Pursuant to Fed. R. Crim. P. 41(g), Alvix hereby requests that this Court order the Government to immediately return to Alvix the amount of $895,189.78, which such amount represents funds that were unlawfully seized by the Government from Alvix's Merchants and Marine Account No. x1125 pursuant to the Warrant to Seize Property Subject to Forfeiture issued by this Court on May 19, 2019.[1] The aforementioned amount represents the difference between $895,740.36, the total amount seized by the Government from Alvix's account, and $550.58, the only portion of the total funds held in the account that may be subject to seizure pursuant to this Court's warrant.

The evidence described herein conclusively demonstrates that the Government (a) unlawfully seized $895,189.78 from Alvix's account; (b) was provided with documentary

---

[1] Pursuant to Rule 41(g), Alvix has legal standing to file the instant Motion because Alvix is the account holder of the Merchants and Marine account from which the subject funds were seized.

evidence proving that only $550.58 of the funds held in the subject account was conceivably subject to seizure; (c) was provided with documentary evidence proving that $895,189.78 was wrongfully seized; and (d) continues to wrongfully refuse to return the improperly seized funds, despite Alvix's counsel demand. As a result of the Government's unlawful seizure of the subject funds, Alvix has suffered (and continues to suffer) significant, unwarranted, and continuing financial damage to its business interests, inasmuch as the unlawfully seized funds are urgently needed for purposes of Alvix's employee payroll, regular operating expenses, and manufacturing costs.

Accordingly, pursuant to Rule 41(g) Alvix requests that this Court order that the Government immediately return to Alvix the amount of $895,189.78 based on the evidence explained below.

## II. BACKGROUND

On May 19, 2019, this Court issued its Warrant to Seize Property Subject to Forfeiture (the "**Warrant**").[2] The Warrant, *inter alia*, authorized seizure of the following property:

> b. MERCHANTS AND MARINE BANK account number [x1525], an account held in the name of ALVIX LABORATORIES, LLC, and authorized signers: Clark J. Levi and Hugh E. Ferry. This account received monies from MERCHANTS x9958. All monies and assets in account.

Ex. "A", Warrant at p. 2.

Thereafter, the Government seized the total amount of $895,740.36 from account no. x1525. Ex. "B", Affidavit at ¶ 7.[3]

---

2 A true and correct copy of the Warrant is attached as **Exhibit "A"**.

3 The Affidavit of Hugh Ferry, Alvix's principal, is attached as **Exhibit "B"**. References to Mr. Ferry's Affidavit are denoted herein as "Affidavit at ¶ __."

On June 17, 2019, counsel for Alvix contacted Assistant U.S. Attorney Dustin Davis via email to advise, *inter alia*, that Merchants and Marine Bank account no. x9958 is the account of The Garden's Pharmacy, LLC ("**Gardens**").[4] Ex. "C", June 17, 2019 email. In the same email, Alvix's counsel provided Mr. Davis with details of all transactions between Gardens and Alvix for the past two (2) years, which demonstrates that the total of such deposits from account no. x9958 is $21,412.44. *Id.* In fact, in 2019 the only transaction was a payment of $550.58. *Id.*

On June 18, 2019, Alvix's counsel provided Mr. Davis, along with all prosecutors copied on his prior response email, a copy of all invoices between Alvix and Gardens, which further confirmed that the only transactions between those parties over the last two (2) years totaled $21,412.44.[5] Ex. "D", June 18, 2019 email. Consequently, since no later than June 19, 2019 the Government has had actual knowledge that the Warrant caused a seizure of $895,740.36, even though there was only $21,412.44 in transactions between Gardens and Alvix over the past two (2) years and, more specifically, from account no. x9958 as authorized in the Warrant. Although Alvix's counsel was not privy to the affidavit supporting the Warrant, given that (a) the Warrant's only stated basis for seizure of the account was that it "received monies from Merchants x9958; and (b) the FBI executed a search warrant on Gardens the same day, it is obvious that the seizure of the funds in account no. x9958 was due to Gardens. Ex. "B", Affidavit at ¶ 12.

Specifically, the only payment in 2019 from Gardens (d/b/a "Lovelace") was a payment in the amount of $550.58 on May 13, 2019, in reference to an invoice dated January 23, 2019 (a copy of which has been in the Government's possession since June 18, 2019). *Id.* at ¶ 13. The balance

---

4 A copy of counsel for Alvix's June 17, 2019 email to Mr. Davis is attached as **Exhibit "C"**.

5 A copy of counsel for Alvix's June 18, 2019 email, along with the referenced invoices, is attached as **Exhibit "D"**.

of the funds seized by the Government from Alvix's account x1525 represent payments remitted by seven (7) of Alvix's customers having absolutely no relation to Gardens. *Id.* at ¶ 13.

On June 26, 2019, Alvix's counsel participated in a telephone conference with Assistant U.S. Attorney Mary Helen Wall, Jared Hasten of the Department of Justice's Criminal Fraud Section, and Sara Porter, a trial attorney with the Criminal Division of the Department of Justice to discuss Alvix's aforementioned positions. During the call, no meaningful response was provided on the Government's behalf, although it was represented to Alvix's counsel that the documentary evidence provided to the Government by Alvix would be considered.

On June 27, 2019, Alvix's counsel sent correspondence to Assistant U.S. Attorney Mary Helen Wall again explaining that the Government was improperly in possession of $895,189.78 from account no. x1525 and demanding release of those funds no later than July 2, 2019 at 5:00 p.m.[6] Even though Alvix provided the Government with more than ample opportunity to fully investigate the matter, the improperly seized funds were not released by the Government. Ex. "B", Affidavit at ¶ 17. Moreover, Ms. Wall failed to make a response to Alvix's counsel by July 2, 2019. as previously promised. Accordingly, after the close of business on July 2, 2019, Alvix's counsel sent Ms. Wall email correspondence advising that Alvix now had been left with no choice

---

[6] A copy of counsel for Alvix's June 27, 2019 letter to Ms. Wall is attached as **Exhibit "E"**. Notably, in an attempt to amicably resolve this matter without this Court's intervention, through its counsel's June 29, 2019, in exchange for release of the improperly seized funds, Alvix very reasonably offered to set aside $21,412.44 from the wrongfully seized monies (which is arguably the maximum amount that under any circumstances could be subject to seizure), so that the Government could hold such funds during the pendency of its investigation.

but to proceed by filing the instant Motion.[7] On July 3, 2019, Ms. Wall responded that the Government would not be releasing the improperly seized funds.[8]

Alvix has suffered significant, ongoing financial hardship as a result of the Government's improper seizure of $895,189.78 from account no. x1525. *Id.* at ¶ 18. In particular, the improperly seized funds are needed for employee payroll. *Id.* at ¶ 19. Moreover, the improperly seized funds are needed for normal operating expenses and manufacturing costs. *Id.*

## III. MEMORANDUM OF LAW

There is absolutely no basis in fact or law for the Government to continue to refuse to release the sum of $895,189.78 that was improperly seized by the Government from Merchants and Marine Bank account no. x1525. For over two (2) weeks, the Government has been in possession of documents clearly demonstrating that the source of the improperly seized funds derived from seven (7) of Alvix's customers having absolutely no relation to Gardens or the subject matter of this action. Despite several demands made by Alvix's counsel for release of the improperly seized funds, the Government unlawfully refuses to do so without providing any explanation. Suffice to say, it is clear that the Government's agents took little interest in meaningfully evaluating the evidence provided by Alvix demonstrating that the vast majority of the seized funds were improperly seized by the Government and, accordingly, should be immediately released to Alvix.

Pursuant to Fed. R. Crim. P. 41, this Court is authorized to order the return of improperly seized property to its owner. Rule 41(g) states:

---

7 A copy of counsel for Alvix's July 2, 2019 email to Ms. Wall is attached as **Exhibit "F"**.

8 A copy of Ms. Wall's response to Alvix's counsel is attached as **Exhibit "G"**.

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Clearly, the Government is not entitled to seize funds that are not associated with any criminal activity. Here, the undisputed documentary evidence establishes that $895,189.78 in funds seized by the Government from Merchants and Marine Bank account no. x1525 belonging to Alvix are not associated with any criminal activity or investigation that is the subject of the Government's investigation. As such, there is no factual or legal authority for the Government to continue to retain possession of the improperly seized funds, particularly given that the Government has had actual knowledge for over two (2) weeks of the facts and documentary evidence showing that the funds must be released to Alvix.

Moreover, to the extent that the Government had any legitimate basis to continue to hold these funds, the Government was invited on several occasions to communicate to Alvix's counsel its position and justification for holding $895,189.78 of Alvix's funds. Yet, the Government has refused to provide this information to Alvix at any time, while on July 3, 2019 finally declining Alvix's request to release the funds without explanation.

In the meantime, Alvix continues to suffer ongoing, significant financial harm inasmuch as the improperly seized funds are needed for employee payroll, along with operating expenses and manufacturing costs. As such, the Government's improper refusal to return Alvix's monies continues to present an existential threat to Alvix's business.

## IV. CONCLUSION

Based on the foregoing, pursuant to Fed. R. Crim. P 41(g) it is clear that Alvix is entitled to the immediate release of $895,189.78 that the Government improperly seized from Merchants and Marine account no. x1525. Accordingly, Alvix respectfully requests that this Court (a) grant this Motion in its entirety; (b) enter an order requiring that the Government immediately release the amount of $895,189.78 to Alvix; and (c) enter such other and further relief this court deems just and proper.

Respectfully submitted,

ALVIX LABORATORIES, LLC

Joshua W. Danos (MSB#101501)
BORDIS & DANOS, PLLC
1215 Government Street
Ocean Springs, MS 39564
Phone: (228) 215-1367
Fax: (228) 215-1358
Email: jdanos@bordisdanos.com

Brian E. Dickerson, Esq. (Fla Bar #106615)
***(PENDING PRO HAC VICE APPROVAL)***
FISHERBROYLES, LLP
2390 Tamiami Trail North
Suite 100
Naples, Florida 34103
Phone: (202) 570-0248
Fax: (239) 236-1360
Email: brian.dickerson@fisherbroyles.com