IN THE MATTER OF SEIZURE OF
MERCHANTS AND MARINE BANK        CAUSE NO. 1:19mc371-LG-JCG
ACCOUNTS X9958 AND X1525

## ORDER DENYING MOTION TO RETURN PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g)

**BEFORE THE COURT** is the [1] Motion to Return Property Pursuant to

Fed R. Crim. P. 41(g) filed by Alvix Laboratories, LLC.  Alvix asks this Court to

order the Government to immediately return funds in the amount of $895,189.78

seized from Alvix's account at Merchants and Marine Bank.  The Government filed

a [5] Response in Opposition, and Alvix filed a [6] Reply.  Having considered the

submissions of the parties, the record, and relevant law, the Court finds that Alvix's

Motion should be denied.

## I. BANKGROUND

Alvix contends that the Government unlawfully seized $895,189.78 from

Merchants and Marine Bank account number x1125, for which Alvix is the account

holder.  Alvix says that the Government has been provided with evidence proving

that these funds were wrongfully seized, yet the Government refuses to return the

funds to Alvix.  As a result, says Alvix, Alvix continues to suffer "significant,

unwarranted, and continuing financial damage to its business interests, inasmuch

as the unlawfully seized funds are urgently needed for purposes of Alvix's employee

payroll, regular operating expenses, and manufacturing costs." (Mot. Return Property 2, ECF No. 1.)

The Government responds that consideration of the relevant factors for evaluating Alvix's request, set out in *Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975), "weighs heavily in favor of denying Alvix's motion" because the seizure was conducted pursuant to a constitutionally valid warrant. (Resp. Opp. 5, ECF No. 5.) Alvix's argument hinges primarily on the warrant's statement that Alvix's account "received monies from" an account belonging to The Garden's Pharmacy, LLC. (*See* Mot. Return Property Ex. A, at 2, ECF No. 1-1.) The Government maintains that this language was surplusage, representing "a small part, but certainly not the complete basis for probably cause." (Resp. Opp. 5, ECF No. 5.)

## II. DISCUSSION

Federal Rule of Criminal Procedure 41(g), which Alvix's Motion relies upon, provides,

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

"A substantial body of precedent establishes that federal district courts have power to order the suppression or return of unlawfully seized property even though

no indictment has been returned and thus no criminal prosecution is yet in existence." *Hunsucker v. Phinney*, 497 F.2d 29, 32 (5th Cir. 1974). "[S]uch actions are governed by equitable principles, whether viewed as based on F.R. Crim. P. 41(e) or on the general equitable jurisdiction of the federal courts."[1] *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975). "Though firmly established, this jurisdiction is an exceptional one." *Hunsucker*, 497 F.2d at 32. "Whether to exercise that jurisdiction in a given case is subject to the sound discretion of the district court." *Richey*, 515 F.2d at 1243.

The Fifth Circuit instructs the district court to consider the following four factors in determining "whether to exercise this anomalous jurisdiction":

> First, and perhaps foremost, is the question whether the motion for return of property accurately alleges that government agents . . . in seizing the property displayed "'a callous disregard for the constitutional rights of the [plaintiff].'" Other factors to be considered are: whether the plaintiff has an individual interest in and need for the material whose return he seeks; whether the plaintiff would be irreparably injured by denial of the return of the property; and whether the plaintiff has an adequate remedy at law for the redress of his grievance.

*Richey*, 515 F.2d at 1243-44 (citations omitted) (quoting *Hunsucker*, 497 F.2d at 34-35). Application of these factors to the present case counsels against exercising jurisdiction over the seized funds in order to return the funds to Alvix.

With regard to the first factor, *Richey* suggests that "the seizure of property by government agents . . . pursuant to a search warrant subsequently challenged as

---

[1] The current Rule 41(g) is the equivalent of – and, for all intents and purposes, identical to – the old Rule 41(e).

invalid" does not display a callous disregard for a plaintiff's constitutional rights, but government agents' use of "fraudulent and deceitful methods in order to gain access to a citizen's private papers" does.  515 F.2d at 1244 n.8.  Alvix does not contest the validity of the warrant relied upon to seize the funds at issue.  Rather, Alvix seems to argue that the warrant only supported seizing funds in Alvix's account that had been received from the Garden Pharmacy's account.  No reasonable reading of the language in the warrant supports this interpretation. The warrant clearly authorized the Government to seize "[a]ll monies and assets in [Alvix's] account."  (Mot. Return Property Ex. A, at 2, ECF No. 1-1.)  As noted by the Government, "the language, 'this account received monies from [the Garden Pharmacy's account],' was not an error, but merely surplusage."  (Resp. Opp. 5, ECF No. 5.)  The Court has reviewed the affidavit submitted in support of the application for this warrant, and this is indeed only a small portion of the evidence establishing probable cause.  *See United States v. Sealed*, 1:19-mj-59-JCG (S.D. Miss.).  On this record, the Court must find that Alvix has failed to allege that the Government displayed a callous disregard for Alvix's Fourth Amendment rights.

As to the second factor – whether the plaintiff has an individual interest in and need for the material whose return he seeks – Alvix says the funds are not associated with any criminal activity, and the "undisputed documentary evidence" establishes this fact.  (Mot. Return Property 6, ECF No. 1.)  *Richey* noted that "[t]his factor has been significant . . . in cases where the property whose return or suppression is sought: (i) is contraband to which the movant is not legally entitled . .

. or (ii) consists of items for which the movant has no noteworthy need, such as bet slips or wager tickets." 515 F.2d at 1244 n.9. Alvix asserts that the funds are needed for payroll, operating expenses, and manufacturing costs. The Court will accept at face value that Alvix has a need for the funds, but the Court disagrees that the evidence demonstrates the funds are not associated with any criminal activity. Alvix's evidence simply demonstrates that the funds sought did not come from the Garden Pharmacy's account at Merchants and Marine Bank. The warrant authorized the seizure of all of the funds in Alvix's account, and probable cause to seize the funds was premised upon more than just the fact that the account had received monies from the Garden Pharmacy's account. This factor similarly does not weigh in favor of exercising jurisdiction.

The third factor considers whether Alvix would be irreparably injured by the denial of the return of the seized funds. The irreparable harm with which the Court is concerned must focus on the injury to Alvix from loss of the property. *United States v. Search of Law Office, Residence, & Storage Unit Alan Brown*, 341 F.3d 404, 415 (5th Cir. 2003). Alvix states that it needs the funds for employee payroll, operating expenses, and manufacturing costs. The Government responds that it "has reason to believe that Alvix and its owners have access to sufficient funds from sources other than [the seized account] to completely cover the payroll, operating, and manufacturing costs." (Resp. Opp. 2 n.2, ECF No. 5.) The Government does not provide any evidence to support this contention, so the Court will disregard this unsubstantiated suggestion. Nonetheless, the Court finds that Alvix fails to allege

it will suffer irreparable harm.  Alvix does not assert, for example, that it cannot meet these necessary expenses without the return of the seized funds or that it will be forced to cease doing business.  And regardless, "[i]rreparable harm is only one of several factors the court should consider when deciding whether to exercise is discretion to return property under Rule 41([g])." *Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 51 (5th Cir. 1993).

Turning to the fourth factor, the Court finds it regrettable that forfeiture proceedings have not yet been instituted by the Government.  However, the Government represents that it intends to forfeit the funds in Alvix's account through civil or criminal forfeiture proceedings.  As long as the Government in fact initiates forfeiture proceedings within a reasonable period of time, Alvix will be provided an adequate remedy at law.

In the current state of proceedings, the *Richey* factors do not counsel in favor exercising jurisdiction to order the return of Alvix's funds seized by the Government.  Alvix's Motion will accordingly be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [1] Motion to Return Property Pursuant to Fed R. Crim. P. 41(g) filed by Alvix Laboratories, LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2019.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE